## BUSH & GERTS PIANO CO. OF TEXAS v. STRAWN et al. (No. 2014.)

Court of Civil Appeals of Texas. El Paso.
April 14, 1927.

Rehearing Denied May 5, 1927.

1. **Courts** ⊙⟹169(1)—County court, at law, had jurisdiction of action by buyer of $550 piano asking $350 damages, recovery of payment, and cancellation of note.

County court, at law, *held* to have jurisdiction of action by buyer against seller of $550 piano for recovery of $100 cash payment, $350 damages, and cancellation of note and mortgage.

2. **Appeal and error** ⊙⟹1039(6)—Overruling defendant's plea of limitation as to issues found for defendant and not presented by petition held not error.

Overruling defendant's plea of limitation as to certain issues *held* not error, where verdict was for defendant as to one, and the other was not presented by petition nor mentioned in judgment.

3. **Appeal and error** ⊙⟹724(5)—Assignments of error in overruling exceptions to charge and in overruling motion for new trial, held too general, where court was referred to record.

Assignments of error in overruling exceptions to charge and in overruling motion for new trial *held* too general and will not be considered, where they were submitted as propositions, and court was referred to record to ascertain if exceptions to charge and grounds of motion were well taken.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Action by Mrs. J. G. Strawn and husband against Bush & Gerts Piano Company of Texas. From the judgment, defendant appeals. Affirmed.

W. M. Pierson and Lee P. Pierson, both of Dallas, for appellant.

White & Yarborough, of Dallas, for appellees.

HIGGINS, J. This is a suit by Mrs. Strawn and husband against Bush & Gerts Piano Company of Texas and its manager, Paul E. Burling.

The second amended petition upon which the trial was had is lengthy. Briefly stated, it alleged defendants agreed to sell and deliver to Mrs. Strawn a dark walnut Estey player piano, for which she made a cash payment of $100 and gave a note for $450 and

mortgage on the piano to be delivered; defendants failed to deliver the kind of piano as agreed; that she had been damaged in the sum of $350 by such failure; that the note and mortgage had been materially .altered since delivery. She prayed for recovery of the items of $100 and $350 and cancellation of the note and mortgage. ,

A peremptory instruction was given in Burling's favor; like instruction in favor of Bush & Gerts as to the item of $350. Upon special issues the jury found that Bush & Gerts· did not deliver to plaintiff the piano it contracted to deliver, and a piano delivered to her in December, 1922, was not accepted by her in fulfillment of the contract. The issues relating to alteration were also found in her favor. Judgment was rendered in Mrs. Strawn's favor against the Bush & Gerts Company for the item of $100, with interest, and for cancellation as prayed. The Bush & Gerts Piano Company appeals.

[1] From the statement of the petition it is apparent the county court at law had jurisdiction of the plaintiff's suit. The first assignment asserting that such court did not have jurisdiction of the action is therefore overruled.

[2] The third assignment asserts it was error to overrule defendant's plea of 2 years' limitation as to the item of $350 damages and for specific performance. This assignment presents no error for the reason that verdict was returned and judgment rendered in appellant's favor as to said item of $350, and no issue as·to specific performance was presented by the petition upon which the case was tried, nor any judgment of specific performance rendered.

The fourth assignment asserts the court erred in submitting the issue of specific performance, in overruling defendant's exceptions to the prayer for specific performance, and in refusing peremptory instruction in defendant's favor. This assignment is without merit for the reason that no such issue was submitted nor was specific performance sought, and in the state of the evidence the appellant was not entitled to a peremptory charge in its favor as to the item of $100 sued for.

The fifth assignment presents no error for the reason that plaintiff was entitled to judgment upon the findings made; hence the court did not err in granting plaintiff's motion for judgment and overruling appellant's motion therefor.

. The second assignment asserts it was error to admit parol evidence varying the terms of the contract at issue herein.

In support of this assignment, appellant refers to 9 different bills of exception out of the 35 bills in the transcript. The 9 bills all relate to the overruling of exceptions to the pleadings. None of them support the assignment.

The appellant's exceptions to the court's charge covers 9 pages in the transcript.

Its motion for new trial covers 15 pages and 15 reasons why the motion should be granted.

[3] The sixth assignment is that the court erred in overruling defendant's exceptions to the court's charge; the seventh is the court erred in overruling the motion for new trial. Both assignments are submitted as propositions. We are referred to the record to ascertain if any of the exceptions to the charge and grounds of the motion are well taken.

This court is very liberal in disposing of questions presented upon their merits, regardless of the manner in which they are briefed, but we must decline to consider assignments 6 and 7. They are too general, have no propositions or statements to support same, and are in utter violation of the rules.

Affirmed.